# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RICHARD ROSENCRANS and
ALICE ROSENCRANS,

    Plaintiffs,

v.                                         Case No. 3:25-cv-552-MMH-SJH

BRONZ GLOW TECHNOLOGIES,
INC.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Bronz-Glow Technologies, Inc.'s Motion to Dismiss Counts I, III, IV, and V of Plaintiffs' Complaint (Doc. 7; Motion), filed May 27, 2025. In the Motion, Defendant, Bronz-Glow Technologies, Inc., seeks dismissal of four of the claims in Plaintiffs' Complaint (Doc. 4), filed in state court on April 18, 2025. Plaintiffs timely filed a response in opposition to the Motion. See Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint (Doc. 18; Response), filed July 29, 2025.[1] Accordingly, this matter is ripe for review.

---

[1] Plaintiffs' Response was timely pursuant to this Court's Endorsed Order of July 8, 2025. See Endorsed Order (Doc. 17).

## I. Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 & n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct," the plaintiff has failed to meet their pleading burden under Rule 8. Id. at 679.

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II. Background[2]

Plaintiff Richard Rosencrans[3] "was employed by Defendant as Vice President of Operations until his resignation, submitted on April 21, 2023, with an effective date of April 27, 2023." See Complaint ¶ 6. "During his employment, on or about April 2023, the principal of Defendant, David Jacobs, attempted to run over [Plaintiff] inside the workplace using a company vehicle." Id. ¶ 7. "Fearing for his life, [Plaintiff] immediately left Florida and returned home to Georgia, where he later submitted his written resignation." Id. ¶ 8. "Upon his resignation, Defendant withheld approximately $5,000.00 from [Plaintiff's] final paycheck and refused to return his personal tools and equipment despite repeated demands." Id. ¶ 9.

According to Plaintiff, he "was an employee of Defendant as defined by the Fair Labor Standards Act ('FLSA'), 29 U.S.C. § 203(e)," id. ¶ 12, "Defendant was an employer as defined by the FLSA, 29 U.S.C. § 203(d), and [Defendant] engaged in commerce or in the production of goods for commerce as defined by

---

[2] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Plaintiffs, and accept all reasonable inferences that can be drawn from such allegations. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint and may well differ from those that ultimately can be proved.

[3] The Court will refer to Plaintiff Richard Rosencrans as "Plaintiff." When necessary, the Court will refer to Plaintiff Alice Rosencrans by her name. The Court will refer to them together as "Plaintiffs."

29 U.S.C. § 203(s)," id. ¶ 13. Plaintiff further states that "[a]s a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages, including but not limited to unpaid wages, unpaid overtime wages and liquidated damages, as permitted by 29 U.S.C. § 216(b)." Id. ¶ 16.

Relevant here, in Count I, Plaintiff brings a claim against Defendant for unpaid wages under the FLSA. Id. ¶¶ 11–17.[4] In Counts III, IV, and V, Plaintiffs assert various state law claims arising from Jacobs's attempt to strike Plaintiff with a vehicle and refusing to return Plaintiff's property. Id. ¶¶ 18–31.[5] And in Count II, Plaintiff asserts a state law claim for conversion based on Defendant's retention of his personal tools and equipment. See Complaint ¶¶ 18–21.

### III. Discussion

#### A. Plaintiff's FLSA Claim

Defendant contends that Plaintiff's FLSA claim is due to be dismissed because he alleges no more than unpaid wages, which does not suffice to state a claim under the FLSA. See Motion at 5–8. Plaintiff responds that the FLSA

---

[4] It is not clear whether Plaintiff intends Count I to include a claim for unpaid minimum wage, unpaid overtime wage, or both. See Complaint ¶¶ 11–17. His theory of Count I appears to be simply that the FLSA "requires employers to pay employees all wages due for work performed." See Motion ¶ 4.

[5] In Count III, Plaintiff asserts a claim for intentional infliction of emotional distress. Id. ¶¶ 22–25. In Count IV, he asserts a claim for civil assault. Id. ¶¶ 26–29. And in Count V, Alice Rosencrans asserts a claim for loss of consortium. Id. ¶¶ 30–31.

- 5 -

"requires employers to pay employees all wages due for work performed." See Response ¶ 4 (citing 29 U.S.C. § 206). Upon review, the Court concludes that Plaintiff has failed to state a claim for unpaid minimum or overtime wages under the FLSA.

The FLSA "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010); 29 U.S.C. §§ 206, 207. Section 206 imposes on employers the obligation to pay employees a minimum wage established by federal law. See 29 U.S.C. § 206(a); see also 29 U.S.C. § 203 (defining "employee" and other terms under the FLSA). Section 207 requires the payment of overtime wages for covered employees' hours that exceed forty per workweek. See 29 U.S.C. § 207(a). Under § 216(b), "[a]ny employer who violates the provisions of [§] 206 or [§] 207 … shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

As relevant here, to prevail on a claim for unpaid minimum wages, a plaintiff covered by the FLSA need only establish "a failure to pay … minimum

wages." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008);[6] see also Seo v. Young Hwan, Corp., --- F. Supp. 3d ---, No. 1:23-CV-1822-SEG, 2025 WL 2269801, at *9 (N.D. Ga. Mar. 12, 2025) ("The FLSA requires covered employers to pay employees a minimum wage of $7.25 per hour for every hour worked.").[7] And "[a]n unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." Bailey v. TitleMax of Ga., Inc., 776 F.3d 797, 801 (11th Cir. 2015); see also Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011) ("If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay.").

The Court readily concludes that Plaintiff has not alleged facts sufficient to state a claim for unpaid minimum or overtime wages. He does not allege that the wages he was paid were below the minimum prescribed by § 206. See generally Complaint. And he does not allege that he worked overtime. See

---

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[7] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

generally id. Nor does he allege any facts that could support the reasonable inference that he was paid less than minimum wage or worked overtime for which he was not paid. See generally id. He alleges only that Defendant withheld $5,000 from his final paycheck. Id. ¶ 9. But to state a claim for unpaid minimum or overtime wages, what matters is what the employee was paid relative to how much he worked, not what his employer withheld from his paycheck. See 29 U.S.C. § 216. Plaintiff does not allege any facts that suggest how much Defendant paid him in his final paycheck, how many hours he worked, or whether he worked more than 40 hours a week in his final pay period. See generally Complaint. Based on Plaintiff's threadbare allegations, for his final pay period, Plaintiff may have been paid $1 for 100 hours worked, $100 for 1 hour worked, or anything in between. The former might be an FLSA violation, but the latter would not be a violation. Plaintiff has simply alleged no facts to plausibly assert that Defendant violated its obligation to pay him minimum wage or overtime wages. See Pinellas Fed. Credit Union v. Reynolds, No. 8:12-cv-14-T-30MAP, 2012 WL 1069814, at *2 (M.D. Fla. Mar. 29, 2012) ("[A]lthough [the claimant's] general allegations include that [the defendants] withheld and have continued to withhold her final paycheck, it is entirely unclear how this fact relates to a violation of the FLSA."). In short, his allegations "do not permit the court to infer more than the mere possibility of"

- 8 -

an FLSA violation. Iqbal, 556 U.S. at 679. As such, the Motion is due to be granted to the extent that the Court will dismiss Plaintiff's FLSA claim in Count I of the Complaint.[8]

### B. Plaintiffs' State Law Claims

Having determined that Plaintiffs' only federal claim is due to be dismissed, the Court considers whether to continue to exercise supplemental jurisdiction over the remaining state law claims. See Complaint ¶¶ 18–31 (asserting state law claims for conversion, intentional infliction of emotional distress, civil assault, and loss of consortium).[9] Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they

---

[8] Because the Court concludes that Plaintiff has not alleged any facts making it plausible that he was paid less than minimum wage or worked overtime, the Court need not and does not determine whether he meets the other requirement to state a claim under the FLSA, whether he is a "covered" employee. See generally Josendis, 662 F.3d at 1298 (explaining the two types of coverage under the FLSA). That said, the Court notes that Plaintiff offers no more than "labels and conclusions" to support that he was a covered employee. See Complaint ¶¶ 12, 13 (stating that Plaintiff was an employee and Defendant was an employer "as defined by" the FLSA).

[9] As the Court previously noted, "Plaintiffs allege in the Complaint that the amount in controversy is less than $50,000. Complaint ¶ 4. As such, there is no apparent basis for the Court to exercise original jurisdiction over the state law claims under the diversity statute, 28 U.S.C. § 1332." See Order to Show Cause (Doc. 8), entered June 2, 2025, at 5 n.2; see also 28 U.S.C. § 1332(a) (for the exercise of diversity jurisdiction to be proper, the amount in controversy must exceed $75,000).

form part of the same case or controversy … ." 28 U.S.C. § 1367(a). "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006). However, upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction … ." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994). In particular, "considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Ameritox, Ltd. v. Millennium Lab'ys, Inc., 803 F.3d 518, 537 (11th Cir. 2015) (quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)). Upon due consideration, the

Court finds that judicial economy and convenience would not be served by retaining jurisdiction over Plaintiffs' state law claims. Thus, the Court declines to exercise supplemental jurisdiction over these claims.

For the reasons set forth above, the Court has determined that the federal claim in Count I of the Complaint, over which the Court has original jurisdiction, is due to be dismissed. What remains are four uniquely state law claims that are best addressed by the state courts. This case has not been pending for an extended period of time, and Plaintiffs' time in federal court has not moved beyond determining whether their Complaint states a federal claim upon which relief can be granted. The Court has not issued any dispositive rulings pertaining to the state law claims, and the discovery deadline has not yet passed. See Case Management and Scheduling Order and Referral to Mediation (Doc. 10), entered June 10, 2025. Thus, the early procedural posture of the case weighs in favor of declining jurisdiction to allow the case to proceed fully in state court. When, as here, a plaintiff's federal claims are dismissed prior to trial, the Eleventh Circuit Court of Appeals has "encouraged district courts to dismiss any remaining state claims." Raney, 370 F.3d at 1089; Busse v. Lee Cnty., 317 F. App'x 968, 973–74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state

- 11 -

law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial."); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), abrogated on other grounds by Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 39–41 (2025) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").[10]

Upon consideration of the § 1367 factors and the "traditional rationales for pendent[11] jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, Plaintiffs' state law claims in Counts II–V are due to be remanded back to the state court

---

[10] The Court notes that Cohill has been abrogated to the extent that it suggests courts have the discretion to retain supplemental jurisdiction over state law claims after a plaintiff removes federal claims by amending the complaint. See Royal Canin, 604 U.S. at 25–26, 39–41 (explaining that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims" and declining to follow contrary dictum in Cohill). Cohill has also been abrogated by 28 U.S.C. § 1447(c) to the extent Cohill holds courts may dismiss rather than remand removed claims over which the court lacks jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Cohill remains good law in that it sets forth the considerations relevant to a court's discretion to exercise supplemental jurisdiction in other circumstances.

[11] Pendent jurisdiction is now referred to as supplemental jurisdiction.

in which Plaintiffs filed the action. See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (directing the district court to remand state law claims over which it declines to exercise supplemental jurisdiction rather than to dismiss them, when the case was originally filed in state court and then removed to federal court); 28 U.S.C. § 1447(c).[12]

Accordingly, it is

**ORDERED:**

1.  Defendant Bronz-Glow Technologies, Inc.'s Motion to Dismiss Counts I, III, IV, and V of Plaintiffs' Complaint (Doc. 7), is **GRANTED IN PART** and **DENIED IN PART.**

    A.  The Motion is granted to the extent that the claims Plaintiff Richard Rosencrans brings in Count I of Plaintiffs' Complaint (Doc. 4) are **DISMISSED WITH PREJUDICE**.

    B.  In all other respects, the Motion is **DENIED WITHOUT PREJUDICE**.

---

[12] The Court previously ordered Plaintiffs to show cause why Plaintiffs' state law claims should not be remanded because they did not share a common nucleus of operative fact with Plaintiff's federal claim. See Order to Show Cause. Given that the Court will now remand Plaintiffs' state law claims because Plaintiff's federal claim is being dismissed, the Court need not and does not determine whether remand would also be warranted for the reasons discussed in the Order to Show Cause. As such, the Order to Show Cause is due to be discharged as moot.

    2.    The Court's Order to Show Cause (Doc. 8) is **DISCHARGED**.

    3.    Plaintiffs' state law claims are **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for St. Johns County, Florida, and the Clerk of the Court is **directed** to transmit a certified copy of this Order to the clerk of that Court.

    4.    The Clerk of the Court is further directed to **enter judgment** as to Count I, **close** the case, and **terminate** any remaining motions and deadlines as moot.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of December, 2025.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record
Clerk, Seventh Judicial Circuit,
in and for St. Johns County, Florida